IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICAQ | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr108-MHT |
| | ) | (WO) |
| MARTIN CAMARILLO and | ) | |
| DANIEL GUZMAN | ) | |

OPINION AND ORDER

This cause is before the court on (1) defendant Martin Camarillo's written motion to continue and (2) defendant Daniel Guzman's oral motion to continue. For the reasons set forth below, the court finds that, for both Camarillo and Guzman, jury selection and trial, now set for May 15, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(1).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information

> or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).

The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "deny the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public as well as that of Camarillo and Guzman in a

speedy trial. Camarillo stated in his unopposed written motion to continue that, because the underlying investigation for this case spans several States, he needs more time to prepare for trial. During an on-the-record conference call on April 14, 2017, Camarillo elaborated that he wants to ensure that the disposition of this case does not adversely impact his interests in other jurisdictions that may bring related charges. During the April 14 call, Guzman orally joined in the motion as well as the reasons given in support of it. Based on the representations made by all parties, a continuance is warranted to enable both Camarillo and Guzman to prepare effectively for trial by thoroughly investigating the bases for this charge and other potential, related charges.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Martin Camarillo's written motion for continuance (doc. no. 43) is granted.

(2) Defendant Daniel Guzman's oral motion for continuance, made on the record on April 14, 2017, is granted.

(3) The jury selection and trial for both defendants Camarillo and Guzman, now set for May 15, 2017, are reset for September 5, 2017, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 17th day of April, 2017.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**